[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on September 5, 1993 at Bayfield, Wisconsin. The plaintiff has resided continuously in Connecticut since 1997 and all statutory stays have expired. There are two minor children, issue of the marriage, Ryan, born October 7, 1996 and William, born May 8, 1998. The evidence indicates that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 31, is in relatively good health. She has a bachelor of arts degree in psychology from the University of Minnesota. Until the birth of her children she was gainfully employed. Post dissolution she desires to continue her education and seek advance degrees in her field.
The defendant, age 34, enjoys good health. He also attended the University of Minnesota and obtained a bachelor of science degree in Economics. During the early years of marriage he continued his education and obtained a master of science degree in Industrial Administration. He recently became employed with a consulting firm offering financial services.
This has been a rocky marriage for some time. It appears that a difference in backgrounds and value systems contributed to the marital problems. Each party must bear some responsibility for the failure of their marital relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-56, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
The court has been presented with difficult decisions because of the modest assets and financial resources of the parties. Each has real needs. In addition, the plaintiff has the task of raising two small children, one of whom has been diagnosed as autistic. For the next few years, each party will have to make sacrifices to maintain a CT Page 5237 modest standard of living.
The following orders may enter:
(1) The parties have stipulated and the court orders in reference to custody and visitation:
 A. The parties shall have joint legal custody of their two children with the plaintiff having physical custody;
 B. The defendant shall have visitation every other weekend, with pick-up and drop-off at the Dunkin Donuts in Westfield Mall in Trumbull, Connecticut. The parties shall alternate Christmas Day and the parent who has the children for Christmas Day, shall have the children from Christmas Day through New Year's Day. The plaintiff shall have the children for Christmas for the year 2000. The defendant shall have 3 weeks vacation visitation each year. The vacation visitation will be used in two blocks; two weeks in the summer and one week during school vacation;
 C. The parties shall alternate the Thanksgiving holiday. The same parent shall not get the children for Christmas and Thanksgiving in the same year. The defendant shall have the children for Thanksgiving in the year 2000;
 D. Any long holiday weekend, visitation shall include the adjacent holiday;
 E. Each party is to keep the other apprised of the children's activities;
 F. Each party shall notify the other party concerning any medical emergency involving the children;
 G. In addition to the stipulations of the parties, the court orders that the plaintiff shall call the defendant a minimum of two times per week to allow the children to speak with the defendant. At those times, the plaintiff shall inform the defendant of any current medical problem of the children.
(2) The defendant shall pay to the plaintiff as periodic alimony the CT Page 5238 sum of $20,800 per year ($1,733 per month). The payments shall commence in June, 2000, payable in advance twice a month in equal payments of $866.50 on the 5th day and 20th day of each month. The payments shall continue during the defendant's lifetime until the plaintiff's death, the plaintiff's remarriage or a period of five years, whichever event first occurs.
 The plaintiff's cohabitation shall not automatically terminate the defendant's obligation to pay periodic alimony. The defendant, however, may pursue his rights under Section 46b-86
(b) of the General Statutes.
(3) The defendant shall pay to the plaintiff as child support, in accordance with the child support guidelines, the sum of $403 per week. ($20,956 per year; $1,747 per month). The payments shall commence in June, 2000, payable in advance twice a month in equal payments of $873.50 on the 5th day and 20th day of each month. The payments shall continue during the defendant's lifetime until each child dies, becomes emancipated, or reaches majority, whichever event first occurs, subject to the provisions of Section 46b-84 (b) of the General Statutes.
(4) An immediate wage withholding order may enter for the payments of periodic alimony and child support unless the defendant arranges for the voluntary electronic transfer of funds when due to the bank account of the plaintiff. In that event a contingent wage withholding order may enter.
(5) Pursuant to the child support guidelines, it is ordered that the plaintiff shall be responsible for the first $100 annual unreimbursed or uninsured medical expenses of each child. Thereafter, the parties shall share such expenses in the following proportions: The plaintiff, 26.78% and the defendant, 73.22%.
 Also, it is ordered that the parties shall share reasonable child care expenses in the same proportion as unreimbursed medical expenses.
(6) The pendente lite orders shall remain in effect until the first payments of periodic alimony and child support are made.
(7) The defendant shall maintain health insurance for the minor children. Section 46b-84 (e) of the General Statutes shall apply.
 The defendant shall be responsible for the medical bill from Dr. Patricia Eagan in the amount of $65 for treatment of the minor CT Page 5239 child of the parties in the event the medical insurance carrier requests reimbursement for payment of this bill because of lack of coverage.
(8) The defendant shall cooperate with the plaintiff's efforts to convert coverage under the plaintiff's present health insurance policy for her benefit under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the plaintiff's sole expense.
 Due to the defendant's failure to maintain health insurance for the plaintiff during the months of March 2000, April, 2000 and May, 2000, the defendant is ordered to immediately pay to the plaintiff the sum of three months premiums, $690.39, so that the plaintiff may continue the insurance under her COBRA rights.
(9) The defendant shall irrevocably designate the plaintiff as beneficiary of life insurance in the face amount of $500,000 for as long as he shall be obligated to pay alimony or child support hereunder. The defendant shall annually furnish the plaintiff proof of such coverage.
(10) The defendant may take both children as dependency exemptions for tax purposes. Whenever a modification of alimony is requested or alimony is terminated, the allocation of the dependency exemptions may be reviewed, upon request of either party.
(11) The plaintiff shall retain ownership of her IRA and bank accounts. The plaintiff is awarded the 1994 Pontiac automobile, and the defendant shall execute all documents necessary to transfer title to the plaintiff.
(12) The defendant shall retain ownership of his 1992 VW automobile and his bank accounts. He shall also retain ownership of his Deloitte and Touche 401(K) plan and his Fidelity IRA. The defendant shall transfer to the plaintiff the sum of $8,500 from his American Express IRA and retain the balance.
(13) In accordance with the stipulation of the parties, the court orders that the parties shall share equally the payment of the bankruptcy debt settlement which totals $5,200. The defendant shall pay the plaintiff the sum of $100 per month as his contribution until the debt is paid in full. The plaintiff shall also contribute $100 per month and pay over to the creditor the sum of $200 per month until the debt is paid in full.
(14) The plaintiff shall be solely responsible for the payment of the personal loans listed on her financial affidavit and her own counsel fees.
(15) The defendant shall be solely responsible for the payment of the debts, loans and fees listed on his financial affidavit.
(16) The attorney for the minor children has submitted a claim for fees in the amount of $7,410. The plaintiff shall be responsible for the payment of $2,000 and the defendant for the payment of the balance, $5,410.
Judgment may enter accordingly.
___________________ NOVACK, J. CT Page 5240